MARGARET J. BRICKER, Respondent, *v.* YONKERS RAILROAD COMPANY, Appellant.

Second Department, January 12, 1923.

**Trial — conduct of trial — action to recover for injuries to nervous system — motion to increase damages demanded in complaint should not have been made or granted in presence of jury.**

In an action to recover for personal injuries wherein plaintiff's chief complaint was injury to her nervous system, it was improper for the court to hear a motion by the plaintiff at the close of the plaintiff's case to increase damages demanded in the complaint and to grant said motion in the presence of the jury, where it appears that twice during the trial, in the presence of the jury, the plaintiff fainted and was removed from the court room; that in the course of the argument of the motion plaintiff's attorney made serious derogatory remarks about the physican who was to make a physical examination of the plaintiff under the motion granted, and that plaintiff's attorney also stated that plaintiff's damages had been increasing all the time. Under the circumstances the defendant did not have a fair trial.

APPEAL by the defendant, Yonkers Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 17th day of March, 1921, upon the verdict of a jury for $17,500, and also from an order entered in said clerk's office on the same day denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Alfred T. Davison* [*Alex R. Jones* and *E. Crosby Kindleberger* with him on the brief], for the appellant.

*Thomas J. O' Neill* [*Leonard F. Fish* and *John Ambrose Goodwin* with him on the brief], for the respondent.

PER CURIAM:

We think a new trial should be granted in this case in the interests of justice.

Plaintiff's chief complaint was injury to her nervous system. Twice during the trial, in the presence of the jury, she fainted or swooned and was removed from the court room. The first occasion was at the close of her direct examination, and she was not cross-examined. The second was while her counsel was summing up.

At the close of plaintiff's case a motion was made to amend the complaint increasing the damages claimed from $15,000 to $35,000. After a long colloquy between the court and counsel, the motion was finally granted upon condition that a physical examination of plaintiff should be had by defendant's neurologist.

During this discussion plaintiff's counsel made serious derogatory remarks about the physician who was to make this examination, and also stated that the plaintiff's damages had been increasing all the time.

The attacks of hysteria and the removal of the plaintiff from the court room were undoubtedly distressing to all present, and naturally aroused the sympathy of the jury. Under such circumstances, the motion to increase the damages sued for should not have been made before the jury nor granted by the court when so made. It was entirely practicable for this motion to have been made in the absence of the jury had the experienced counsel for the plaintiff so desired. This situation was made worse, so far as defendant's interests are concerned, by the remarks of counsel made at the same time concerning the physician who was to be called and the condition of the plaintiff.

Defendant is entitled to a fair trial, as far as possible free from distractions and conditions which tend to prevent the jury from exercising reason and good judgment.

This, we think, has not been accorded defendant in this case,

and the judgment and order appealed from should, therefore, be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

KELLY, P. J., RICH, JAYCOX, KELBY and YOUNG, JJ., concur.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.